1 THOMAS E. FRANKOVICH (State Bar No. 074414)
  THOMAS E. FRANKOVICH.
2 *A Professional Law Corporation*
  2806 Van Ness Avenue
3 San Francisco, CA 94109
  Telephone:    415/674-8600
4 Facsimile:    415/674-9900

5 Attorneys for Plaintiffs
  CRAIG YATES
6 and DISABILITY RIGHTS.
  ENFORCEMENT, EDUCATION.
7 SERVICES: HELPING YOU
  HELP OTHERS

ORIGINAL
FILED

DEC 2 8 2007

RICHARD W. WIEKING
CLERK U S DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



8

9                UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11 CRAIG YATES, an individual; and      ) CASE NO. 07 6498
12 DISABILITY RIGHTS ENFORCEMENT,       ) **Civil Rights**
   EDUCATION. SERVICES: HELPING         )
13 YOU HELP OTHERS, a California public  ) **COMPLAINT FOR INJUNCTIVE RELIEF**
   benefit corporation,                 ) **AND DAMAGES:**
14                                       )
             Plaintiffs,                 ) **1st CAUSE OF ACTION:** For Denial of Access
15                                       ) by a Public Accommodation in Violation of the
   v.                                    ) Americans with Disabilities Act of 1990 (42
16                                       ) U.S.C. §12101, *et seq.*)
   LEVIN COMMERCIAL FACILITY;           )
17 STUART M. LEVIN, trustee of the       ) **2nd CAUSE OF ACTION:** For Denial of Full
   STUART M. LEVIN REVOCABLE            ) and Equal Access in Violation of California
18 TRUST,                               ) Civil Code §§54, 54.1 and 54.3
                                         )
19           Defendant.                  ) **3rd CAUSE OF ACTION:** For Denial of
                                         ) Accessible Sanitary Facilities in Violation of
20                                       ) California Health & Safety Code §19955, *et seq.*

21                                         **4th CAUSE OF ACTION:** For Denial of
                                           Access to Full and Equal Accommodations,
22                                         Advantages. Facilities. Privileges and/or
                                           Services in Violation of California Civil Code
23                                         §51, *et seq.* (The Unruh Civil Rights Act)

24

25                                         **DEMAND FOR JURY**

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1  Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2  EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3  corporation (hereinafter sometimes referred to as "DREES"), complain of defendant STUART

4  M. LEVIN, trustee of the STUART M. LEVIN REVOCABLE TRUST and allege as follows:

5  **INTRODUCTION:**

6      1.      This is a civil rights action for discrimination against persons with physical

7  disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are

8  members, for failure to remove architectural barriers structural in nature at defendants' STUART

9  M. LEVIN REVOCABLE TRUST BUILDING, ( hereinafter alternatively referred to as "LEVIN

10 COMMERCIAL FACILITY"), a place of public accommodation, thereby discriminatorily

11 denying plaintiffs and the class of other similarly situated persons with physical disabilities

12 access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the

13 goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive relief and

14 damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*;

15 California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et*

16 *seq.*

17     2.      Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

18 July 1, 2007, August 25, 2007, October 16, 2007 and November 2, 2007 was an invitee, guest,

19 patron, customer at defendants' LEVIN COMMERCIAL FACILITY, in the City of Novato,

20 California.  At said time and place, defendant failed to provide proper legal access to the

21 commercial building, which is a "public accommodation" and/or a "public facility" including,

22 but not limited to signage, parking, entrances, paths of travel and the restroom.  The denial of

23 access was in violation of both federal and California legal requirements, and plaintiff CRAIG

24 YATES suffered violation of his civil rights to full and equal access, and was embarrassed and

25 humiliated.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **JURISDICTION AND VENUE:**

2      3.    **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.

3  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

4  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

5  nucleus of operative facts and arising out of the same transactions, are also brought under parallel

6  California law, whose goals are closely tied with the ADA, including but not limited to violations

7  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

8  *seq.*, including §19959; Title 24 California Building Standards Code.

9      4.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

10  founded on the facts that the real property which is the subject of this action is located at/near 8

11  Commercial Boulevard, in the City of Novato, County of Marin, State of California, and that

12  plaintiffs' causes of action arose in this county.

13  **PARTIES:**

14      5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically

15  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

16  disabled", "physically handicapped" and "person with physical disabilities" are used

17  interchangeably, as these words have similar or identical common usage and legal meaning, but

18  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

19  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

20  statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff

21  CRAIG YATES is a "person with physical disabilities", as defined by all applicable California

22  and United States laws.  Plaintiff is a Plaintiff is a triplegic.  Plaintiff CRAIG YATES requires

23  the use of a wheelchair to travel about in public.  Consequently, plaintiff CRAIG YATES is a

24  member of that portion of the public whose rights are protected by the provisions of Health &

25  Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically

26  Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and

27  51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42

28  U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6. Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society. DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector. DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7. That members of DREES, like plaintiff CRAIG YATES, will or have been guests and invitees at the subject LEVIN COMMERCIAL FACILITY and Christopher's Cafe, and that the interests of plaintiff DREES in removing architectural barriers at the subject LEVIN COMMERCIAL BUILDING advance the purposes of DREES to assure that all public accommodations, including the subject LEVIN COMMERCIAL FACILITY, are accessible to independent use by mobility-impaired persons. The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

8. Defendant STUART M. LEVIN, trustee of the STUART M. LEVIN REVOCABLE TRUST (hereinafter alternatively collectively referred to as "defendant") is the owner and operator, lessor and/or lessee, or agent of the owners, lessors and/or lessees, of the public accommodation known as LEVIN COMMERCIAL FACILITY, located at/near 8 Commercial Boulevard, Novato, California, or of the building and/or buildings which constitute said public accommodation.

9. At all times relevant to this complaint, defendant STUART M. LEVIN, trustee of the STUART M. LEVIN REVOCABLE TRUST owns and operates in joint venture the subject LEVIN COMMERCIAL FACILITY as a public accommodation. This business is open to the general public and conducts business therein. The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

///

10.    At all times relevant to this complaint, defendant STUART M. LEVIN, trustee of the STUART M. LEVIN REVOCABLE TRUST is jointly and severally responsible to identify and remove architectural barriers at the subject  LEVIN COMMERCIAL FACILITY pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201      General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.    The LEVIN COMMERCIAL FACILITY, is a commercial building comprised of: Christopher's Cafe, Marin Carpet Service, Daniel Black Stone Financial Planning, Bonder Systems, Rachel Casrejohn, Attorney at Law, and DiGiorigio Contracting each of which is a public accommodation located at/near 8 Commercial Boulevard, Novato, California.  The LEVIN COMMERCIAL FACILITY and its tenants' premises, its signage, parking, entrances, paths of travel, restroom and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the LEVIN COMMERCIAL FACILITY and all tenants premises and each of its facilities, its signage, parking, entrances, paths of travel and restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    12.    At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

2    13.    At all times referred to herein and continuing to the present time, defendants, and

3    each of them, advertised, publicized and held out the LEVIN COMMERCIAL FACILITY and all

4    the tenants' as being handicapped accessible and handicapped usable.

5    14.    On or about July 1, 2007, August 25, 2007, October 16, 2007 and November 2,

6    2007, plaintiff CRAIG YATES was an invitee and guest at the subject LEVIN COMMERCIAL

7    FACILITY, specifically Christopher's Cafe, for the purposes of having food and drink.  Plaintiff

8    CRAIG YATES also assessed his ability to access: Marin Carpet Service, Daniel Black Stone

9    Financial Planning, Bonder Systems, Rachel Casrejohn, Attorney at Law and DiGiorigio

10   Contracting.

11   15.    On or about July 1, 2007, plaintiff CRAIG YATES entered the parking lot of the

12   LEVIN COMMERCIAL FACILITY.  Plaintiff CRAIG YATES noticed that there was reserved

13   parking for all the public accommodations comprising to LEVIN COMMERCIAL FACILITY, to

14   wit:  Christopher's Cafe, Marin Carpet Service, Daniel Black Stone Financial Planning, Bonder

15   Systems, Rachel Casrejohn, Attorney at Law and DiGiorigio Contracting.  However, there was

16   no handicap parking, signage or parking stall(s) for the disabled.

17   16.    At said time and place, plaintiff CRAIG YATES did not see any directional

18   signage to access the sidewalk.

19   17.    At said time and place, plaintiff CRAIG YATES attempted to enter one of the two

20   entrances at Christopher's café.  This entrance faced Commercial Boulevard.  The entrance had a

21   three (3) inch threshold, and one of  the kitchen staff of Christopher's Cafe came out and placed a

22   piece of wood at the threshold.  Plaintiff CRAIG YATES was given a table.  Plaintiff CRAIG

23   YATES needed to use a restroom.  There was a unisex restroom.  However, the tables were

24   placed so closely together, that the staff had to move tables to create an accessible path of travel

25   to the restroom.

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18.    At said time and place, plaintiff CRAIG YATES attempted to use the unisex restroom.  Plaintiff CRAIG YATES could not enter through the second door into the restroom.  Plaintiff CRAIG YATES backed out, and plaintiff then tried to roll into the restroom in reverse and became stuck between the doors.  Two female patrons came to assist plaintiff CRAIG YATES out of the restroom.

19.    At said time and place, plaintiff CRAIG YATES returned to his table and asked that he have his food packaged to go.

20.    At said time and place, plaintiff CRAIG YATES informed his food server that the entrance and restroom should be accessible.  Plaintiff CRAIG YATES then left.

21.    On or about July 24, 2007, plaintiff CRAIG YATES took the time to write both the landlord and manger of Christopher's Café about the access issues.  Plaintiff CRAIG YATES never received a response.

22.    On or about August 25, 2007, plaintiff CRAIG YATES returned to Christopher's Café at the LEVIN COMMERCIAL FACILITY.  Plaintiff CRAIG YATES saw that no remedial work had been done.  Plaintiff CRAIG YATES also noted that he could not access the following businesses if he so chose: Christopher's Cafe, Marin Carpet Service, Daniel Black Stone Financial Planning, Bonder Systems, Rachel Casrejohn, Attorney at Law and DiGiorigio Contracting.  Each of these public accommodations had thresholds that were in excess of three (3) inches, and most did not have paths of travel that were accessible.  Rather than a sidewalk, the paths consisted of concrete pads divided by crushed rocks.

23.    At said time and place, plaintiff CRAIG YATES attempted to enter Christopher's Café at the parking lot entrance.  Plaintiff was accompanied by his daughter, Candice Yates.  There was a threshold approximately three (3) inches in height.  A board was placed at the threshold.  However, it didn't fit and the wheels of plaintiff's wheelchair simply spun on the wood.  Plaintiff's daughter was compelled to push the power chair.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    24.    At said time and place, plaintiff CRAIG YATES and his daughter had dinner.

2    Plaintiff CRAIG YATES saw that he would not be able to access the unisex restroom.

3    Following dinner, plaintiff CRAIG YATES returned to his home to use the bathroom.

4    25.    On or about October 16, 2007, plaintiff CRAIG YATES returned to the LEVIN

5    COMMERCIAL FACILITY.  Plaintiff CRAIG YATES met with a friend Emy Lucesa for lunch

6    at Christopher's Café.  When plaintiff CRAIG YATES entered the parking lot, there still was no

7    signage, no parking and no access to any of the  tenants' public accommodation.  No remedial

8    work had been done.  The waitress at Christopher's Cafe saw plaintiff CRAIG YATES coming

9    and placed the wood next to the threshold.  Plaintiff CRAIG YATES had difficulty wheeling

10   over the wood to enter the restaurant.

11   26.    At said time and place, plaintiff CRAIG YATES and his friend had a meal.

12    Plaintiff CRAIG YATES attempted to use the unisex restroom, but plaintiff could not access the

13   unisex restroom and returned home.

14   27.    November 2, 2007, plaintiff CRAIG YATES returned to Christopher's Café and

15    proceeded to observe the other public accommodations.  Plaintiff CRAIG YATES was unable to

16   enter any business at the LEVIN COMMERCIAL FACILITY, because each business had a high

17   threshold.  In addition, plaintiff CRAIG YATES was unable to access the patio area of

18   Christopher's, and noted that there was still no access to the restroom.

19   28.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a

20   disability, encountered the following inaccessible elements of the subject LEVIN

21   COMMERCIAL FACILITY which constituted architectural barriers and a denial of the proper

22   and legally-required access to a public accommodation to persons with physical disabilities

23   including, but not limited to:

24              a.    lack of directional signage to show accessible routes of travel, i.e.,
                      entrances;

25

26              b.    lack of the requisite type and number of disabled parking stall(s);

27   ///        c.    lack of disabled van accessible parking stall(s);

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    d.    lack of an accessible entrances to Christopher's Café, Marin Carpet
2          Service, Daniel Black Stone Financial Planning, Bonder Systems, Rachel
          Casrejohn, Attorney at Law and DiGiorigio Contracting;

3    e.    lack of accessible paths of travel (smooth hard packed surfaces) to:
          Christopher's Café, Marin Carpet Service, Daniel Black Stone Financial
4          Planning, Bonder Systems, Rachel Casrejohn, Attorney at Law and
          DiGiorigio Contracting'
5
6    f.    lack of an accessible dining area; 5% compliance requirement;

7    g.    lack of a clear path of travel to the unisex restroom at Christopher's due to
          the placement of tables and chairs too close together, which prevents
8          wheelchair access to the restroom;

9    h.    lack of a handicapped-accessible unisex public restroom at Christopher's;

10   i.    lack of an accessible entrance to the patio dining at Christopher's;

11   j.     On personal knowledge, information and belief, other public facilities and
          elements too numerous to list were improperly inaccessible for use by
12         persons with physical disabilities.

13        29.    At all times stated herein, the existence of architectural barriers at defendants'

14   place of public accommodation evidenced "actual notice" of defendants' intent not to comply

15   with the Americans with Disabilities Act of 1990 either then, now or in the future.

16        30.    On or about July 24, 2007, the defendant was sent letters by or on behalf of

17   plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response

18   within two weeks and requesting remedial measures be undertaken within 90 days or an

19   explanation of why the time limit set could not be met and/or extenuating circumstances.  Said

20   letters are attached hereto collectively as exhibit "A" and incorporated by reference as though

21   fully set forth herein.  Defendants' failure to respond evidenced an intent not to seek or engage in

22   an early and reasonable resolution of the matter.

23        31.    At all times stated herein, defendants, and each of them, were "negligent per se"

24   in not removing architectural barriers determined by the Department of Justice to be considered a

25   safety concern/safety hazard where it was readily achievable for said public accommodation to

26   remove barriers. The barriers and those requirements for barrier removal are found in 28 CFR 36,

27   and the building code to be followed is in appendix "A", referred to as "ADAAG". Therefore as

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  a legal result of defendants breach of duty to remove those barriers encountered by plaintiff,

2  plaintiff suffered bodily injury.

3      32.     As a legal result of defendant STUART M. LEVIN, trustee of the STUART M.

4  LEVIN REVOCABLE TRUST's failure to act as a reasonable and prudent public

5  accommodation in identifying, removing or creating architectural barriers, policies, practices and

6  procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered

7  the damages as alleged herein.

8      33.     As a further legal result of the actions and failure to act of defendant, and as a

9  legal result of the failure to provide proper handicapped-accessible public facilities as set forth

10 herein, plaintiffs were denied their civil rights to full and equal access to public facilities.

11 Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with

12 physical disabilities to full and equal access to public facilities.

13     34.     Further, plaintiff CRAIG YATES suffered physical discomfort, emotional

14  distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to,

15 shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally

16 associated with a person with physical disabilities being denied access, all to his damages as

17 prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for

18 mental and emotional distress over and above that usually associated with the discrimination and

19 physical injuries claimed, and no expert testimony regarding this usual mental and emotional

20 distress will be presented at trial in support of the claim for damages.

21     35.     Defendants', and each of their, failure to remove the architectural barriers

22 complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public

23 accommodation, and continues to create continuous and repeated exposure to substantially the

24 same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

25     36.     Plaintiff CRAIG YATES and the membership of DREES were denied their rights

26 to equal access to a public facility by defendant STUART M. LEVIN, trustee of the STUART M.

27 LEVIN REVOCABLE TRUST, because defendant STUART M. LEVIN, trustee of the STUART

28 M. LEVIN REVOCABLE TRUST maintained a commercial building without access for persons

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   with physical disabilities to its facilities, including but not limited to the signage, parking,

2   entrances, paths of travel, restroom and other public areas as stated herein, and continue to the

3   date of filing this complaint to deny equal access to plaintiff and other persons with physical

4   disabilities in these and other ways.

5        37.    On information and belief, construction alterations carried out by defendants have

6   also triggered access requirements under both California law and the Americans with Disabilities

7   Act of 1990.

8        38.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the LEVIN C

9   to be made accessible to meet the requirements of both California law and the Americans with

10  Disabilities Act of 1990, whichever is more restrictive, so long as defendant operates the

11  commercial facility as a public facility.  Plaintiffs seek damages for violation of their civil rights

12  on July 1, 2007, August 25, 2007, October 16, 2007 and November 2, 2007 and they seek

13  statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000

14  pursuant to Civil Code §54.3, for each day that the court/jury determines access should have been

15  provided after his visit that plaintiff CRAIG YATES  was deterred from returning to the LEVIN

16  COMMERCIAL FACILITY because of his knowledge and belief that the premise was and

17  remains inaccessible to persons with disabilities.

18       39.    On information and belief, defendants have been negligent in their affirmative

19  duty to identify the architectural barriers complained of herein and negligent in the removal of

20  some or all of said barriers.

21       40.    Because of defendants' violations, plaintiffs and other persons with physical

22  disabilities are unable to use public facilities such as those owned and operated by defendants on

23  a "full and equal" basis unless such facility is in compliance with the provisions of the

24  Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et*

25  *seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court

26  compelling defendants to make the LEVIN COMMERCIAL FACILITY accessible to persons

27  with disabilities.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    41.    On information and belief, defendants have intentionally undertaken to modify

2  and alter existing building(s), and have failed to make them comply with accessibility

3  requirements under the requirements of ADAAG and Title 24.  The acts and omission of

4  defendants, and each of them, in failing to provide the required accessible public facilities at

5  the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and

6  despicable conduct carried out by defendants, and each of them, with a willful and conscious

7  disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a

8  trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more

9  profound example of defendants, and each of them, to other operators of other commercial

10  buildings and other public facilities, and to punish defendants and to carry out the purposes of

11  the Civil Code §§ 51, 51.5 and 54.

12    42.    Plaintiffs are informed and believe and therefore allege that defendant STUART

13  M. LEVIN, trustee of the STUART M. LEVIN REVOCABLE TRUST, and each of them, caused

14  the subject building(s) which constitute the LEVIN COMMERCIAL FACILITY to be

15  constructed, altered and maintained in such a manner that persons with physical disabilities were

16  denied full and equal access to, within and throughout said building(s) of the LEVIN

17  COMMERCIAL FACILITY and were denied full and equal use of said public facilities.

18  Furthermore, on information and belief, defendants have continued to maintain and operate said

19  facility and/or its building(s) in such conditions up to the present time, despite actual and

20  constructive notice to such defendant that the configuration of the LEVIN COMMERCIAL

21  FACILITY and/or its building(s) is in violation of the civil rights of persons with physical

22  disabilities, such as plaintiff CRAIG YATES, the membership of plaintiff DREES and the

23  disability community which DREES serves.  Such construction, modification, ownership,

24  operation, maintenance and practices of such public facilities are in violation of Civil Code §§51,

25  51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

26    43.    On personal knowledge, information and belief, the basis of defendants' actual

27  and constructive notice that the physical configuration of the facilities including, but not limited

28  to, architectural barriers constituting the LEVIN COMMERCIAL FACILITY and/or building(s)

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants' failure, under state and federal law, to make the facility accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendant, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to the LEVIN COMMERCIAL FACILITY. Said defendant, and each of them, have continued such practices, in conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. The defendant had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

44.    Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and the disability community which it serves, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

I.    **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant STUART M. LEVIN, trustee of the STUART M. LEVIN REVOCABLE TRUST, inclusive)
(42 U.S.C. §12101, *et seq.*)

45.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 44 of this complaint.

46.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

47.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

48.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink;
>
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;
>
> (F) a laundromat, dry-cleaner, bank, barber shop, beauty parlor, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital or other service establishment.

42 U.S.C. §12181(7)(B)(E) and (F)

49.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

50.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

    (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

    (v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

51.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the LEVIN COMMERCIAL FACILITY pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

52.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was

1    not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

2    make the required services available through alternative methods which were readily achievable.

3        53.     On information and belief, construction work on, and modifications of, the subject

4    building(s) of the LEVIN COMMERCIAL FACILITY occurred after the compliance date for the

5    Americans with Disabilities Act, January 26, 1992, independently triggering access requirements

6    under Title III of the ADA.

7        54.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

8    *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

9    Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

10    basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

11    are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from

12    returning to or making use of the public facilities complained of herein so long as the premises

13    and defendants' policies bar full and equal use by persons with physical disabilities.

14        55.     42 U.S.C. 12188 (a)(1) states:, "Nothing in this section shall require a person with

15    a disability to engage in a futile gesture if such person has actual notice that a person or

16    organization covered by this title does not intend to comply with its provisions".  Pursuant to this

17    section, plaintiff CRAIG YATES  has not returned to defendants' premises since on or about

18    November 2, 2007, but on information and belief, alleges that defendant has continued to violate

19    the law and deny the rights of plaintiffs and of other persons with physical disabilities to access

20    this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of

21    §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

22    facilities readily accessible to and usable by individuals with disabilities to the extent required by

23    this title".

24        56.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

25    Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

26    the Americans with Disabilities Act of 1990, including but not limited to an order granting

27    injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being

28    deemed to be the prevailing party.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2  **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
3    (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
4    benefit corporation, and Against  Defendant STUART M. LEVIN, trustee of the
STUART M. LEVIN REVOCABLE TRUST, inclusive)
5    (California Civil Code §§54, 54.1, 54.3, *et seq.)*

6    57.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

7  allegations contained in paragraphs 1 through 56 of this complaint.

8    58.    At all times relevant to this action, California Civil Code §54 has provided that

9  persons with physical disabilities are not to be discriminated against because of physical

10  handicap or disability.  This section provides that:

11        (a) Individuals with disabilities . . . have the same rights as
the general public to full and free use of the streets, highways,
12        sidewalks, walkways, public buildings, medical facilities, including
hospitals, clinics, and physicians' offices, and other public places.
13
      59.    California Civil Code §54.1 provides that persons with disabilities shall not be
14
  denied full and equal access to places of public accommodation or facilities:
15
        (a)(1) Individuals with disabilities shall be entitled to full
16        and equal access, as other members of the general public, to
accommodations, advantages, facilities, medical facilities,
17        including hospitals, clinics, and physicians' offices, and privileges
of all common carriers, airplanes, motor vehicles, railroad trains,
18        motorbuses, streetcars, boats, or any other public conveyances or
modes of transportation (whether private, public, franchised,
19        licensed, contracted, or otherwise provided), telephone facilities,
adoption agencies, private schools, hotels, lodging places, places of
20        public accommodation, amusement or resort, and other places to
which the general public is invited, subject only to the conditions
21        and limitations established by law, or state or federal regulation,
and applicable alike to all persons.
22
        Civil Code §54.1(a)(1)
23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

60. California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

61. Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of §§54 and 54.1. Plaintiffs have been and continue to be denied full and equal access to defendants' LEVIN COMMERCIAL FACILITY. As a legal result, plaintiffs are entitled to seek damages pursuant to California Civil Code §54.3(a) for each day on which they visited or have been deterred from visiting the LEVIN COMMERCIAL FACILITY and its tenants' because of their knowledge and belief that the facilities of each of its tenants is inaccessible to persons with disabilities with disabilities. California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    62.    On or about July 1, 2007, August 25, 2007, October 16, 2007 and November 2,

2    2007, plaintiff CRAIG YATES suffered violations of §§54 and 54.1 of the Civil Code in that

3    plaintiff CRAIG YATES was denied access to  signage, parking, entrances, paths of travel,

4    restroom and other public facilities as stated herein at the LEVIN COMMERCIAL FACILITY

5    and on the basis that plaintiff CRAIG YATES  was a person with physical disabilities.

6    63.    As a result of the denial of equal access to defendants' facilities due to the acts

7    and omissions of defendants, and each of them, in owning, operating and maintaining these

8    subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not

9    limited to rights under Civil Code §§54, 54.1 and 54.3.   Plaintiff CRAIG YATES suffered

10    physical discomfort.

11    64.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,

12    mental suffering, mental anguish, which includes shame, humiliation, embarrassment,

13    frustration, anger, disappointment and worry, all of which are expectedly and naturally associated

14    with a denial of access to a person with physical disabilities, all to plaintiff's damages as

15    hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against

16    plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with

17    physical disabilities and unable, because of the architectural barriers created and maintained by

18    the defendants in violation of the subject laws, to use the public facilities hereinabove described

19    on a full and equal basis as other persons.

20    65.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct

21    and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of

22    plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or

23    about July 1, 2007, August 25, 2007, October 16, 2007 and November 2, 2007 , and on a

24    continuing basis since then, including statutory damages, a trebling of all of actual damages,

25    general and special damages available pursuant to §54.3 of the Civil Code according to proof.

26    66.    As a result of defendants', and each of their, acts and omissions in this regard,

27    plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

28    plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

the provisions of §54.3 and §55 of the Civil Code, plaintiffs therefore will seek recovery in this

lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to

plaintiffs, but also to compel the defendants to make their facilities accessible to all members of

the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing

party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

        Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
         FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.*
         (On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS, ENFORCEMENT,
         EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
         benefit corporation and Against Defendant STUART M. LEVIN, trustee of the STUART
         M. LEVIN REVOCABLE TRUST, inclusive)
         (Health & Safety Code §19955, *et seq.*)**

        67.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

the allegations contained in paragraphs 1 through 66 of this complaint.

        68.    Health & Safety Code §19955 provides in pertinent part:

        The purpose of this part is to insure that public accommodations or
        facilities constructed in this state with private funds adhere to the
        provisions of Chapter 7 (commencing with Sec. 4450) of Division
        5 of Title 1 of the Government Code.  For the purposes of this part
        "public accommodation or facilities" means a building, structure,
        facility, complex, or improved area which is used by the general
        public and shall include auditoriums, hospitals, theaters,
        restaurants, hotels, motels, stadiums, and convention centers.
        When sanitary facilities are made available for the public, clients or
        employees in such accommodations or facilities, they shall be
        made available for the handicapped.

///

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

69.    Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the LEVIN COMMERCIAL FACILITY and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the LEVIN COMMERCIAL FACILITY and Christopher's cafe and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said facilities and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

70.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of LEVIN COMMERCIAL FACILITY and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

71.    Commercial facilities such as the LEVIN COMMERCIAL FACILITY are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

72.    As a result of the actions and failure to act of defendant, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal

2  access to public facilities.

3      73.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

4  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

5  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

6  physical disabilities and prohibiting discrimination against the persons with physical disabilities,

7  and to take such action both in plaintiffs' own interests and in order to enforce an important right

8  affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all

9  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

10  §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

11  and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

12  and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

13  3(a)).  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

14  party.

15      74.    Plaintiffs seek injunctive relief for an order compelling defendant, and each of

16  them, to make the subject place of public accommodation readily accessible to and usable by

17  persons with disabilities.

18      Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

19  **IV.**    **FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
20          **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET SEQ.* **(THE UNRUH CIVIL RIGHTS ACT)**
21          (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
22          benefit corporation, and Against Defendant STUART M. LEVIN, trustee of the STUART M. LEVIN REVOCABLE TRUST, inclusive)
23          (Civil Code §51, 51.5)

24      75.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

25  the allegations contained in paragraphs 1 through 74 of this complaint.

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

76. Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendant, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

1    77.    The acts and omissions of defendant stated herein are discriminatory in nature and

2    in violation of Civil Code §51.5:

3            No business establishment of any kind whatsoever shall
             discriminate against, boycott or blacklist, refuse to buy from, sell
4            to, or trade with any person in this state because of the race, creed,
             religion, color, national origin, sex, or **disability** of the person or of
5            the person's partners, members, stockholders, directors, officers,
             managers, superintendents, agents, employees, business associates,
6            suppliers, or customers.

7            As used in this section, "person" includes any person, firm
             association, organization, partnership, business trust, corporation,
8            limited liability company, or company.

9            Nothing in this section shall be construed to require any
             construction, alteration, repair, structural or otherwise, or
10           modification of any sort whatsoever, beyond that construction,
             alteration, repair or modification that is otherwise required by other
11           provisions of law, to any new or existing establishment, facility,
             building, improvement, or any other structure . . . nor shall
12           anything in this section be construed to augment, restrict or alter in
             any way the authority of the State Architect to require construction,
13           alteration, repair, or modifications that the State Architect
             otherwise possesses pursuant to other laws.

14
15   78.    Defendants' acts and omissions as specified have denied to plaintiffs full and

16   equal accommodations, advantages, facilities, privileges and services in a business establishment,

     on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil
17
     Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A
18
     violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public
19
     Law 101-336) shall also constitute a violation of this section".  Plaintiffs accordingly incorporate
20
     the entirety of their above cause of action for violation of the Americans with Disabilities Act at
21
     §45, *et seq.*, as if repled herein.
22
23   79.    As a legal result of the violation of plaintiff CRAIG YATES's  civil rights as

24   hereinabove described, plaintiff CRAIG YATES has suffered general damages and statutory

     damages.
25
26
27
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

80.    Further, plaintiff CRAIG YATES has suffered emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs CRAIG YATES and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant STUART M. LEVIN, trustee of the STUART M. LEVIN REVOCABLE TRUST, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.    For injunctive relief, compelling defendant STUART M. LEVIN, trustee of the STUART M. LEVIN REVOCABLE TRUST, inclusive, to make the LEVIN COMMERCIAL FACILITY and all public accommodations comprising it, located at 8 Commercial Boulevard, Novato, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ*.**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant STUART M. LEVIN, trustee of the STUART M. LEVIN REVOCABLE TRUST, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq*.)

1.    For injunctive relief, compelling defendant STUART M. LEVIN, trustee of the STUART M. LEVIN REVOCABLE TRUST, inclusive, to make the LEVIN COMMERCIAL FACILITY and all public accommodations comprising it, located at 8 Commercial Boulevard, Novato, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.    Treble damages pursuant to Civil Code §54.3;

5.    For all costs of suit;

6.    Prejudgment interest pursuant to Civil Code §3291;

7.    Such other and further relief as the court may deem just and proper.

**III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ*.**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendant STUART M. LEVIN, trustee of the STUART M. LEVIN REVOCABLE TRUST, inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq*.)

1.    General and compensatory damages according to proof.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant STUART M. LEVIN, trustee of the STUART M. LEVIN REVOCABLE TRUST, inclusive)
(Health & Safety code §19955, *et seq.*)

1.    For injunctive relief, compelling defendant STUART M. LEVIN, trustee of the STUART M. LEVIN REVOCABLE TRUST, inclusive, to make the LEVIN COMMERCIAL FACILITY and all public accommodations comprising it, located at 8 Commercial Boulevard, Novato, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.    For all costs of suit;

4.    For prejudgment interest pursuant to Civil Code §3291;

5.    Such other and further relief as the court may deem just and proper.

**V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant STUART M. LEVIN, trustee of the STUART M. LEVIN REVOCABLE TRUST , inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.    Treble damages pursuant to Civil Code §52(a);

4.    For all costs of suit;

5.    Prejudgment interest pursuant to Civil Code §3291; and

6.    Such other and further relief as the court may deem just and proper.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**VI. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES and Against Defendant STUART M. LEVIN, trustee of the STUART M. LEVIN REVOCABLE TRUST, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1. General and compensatory damages to plaintiff CRAIG YATES according to proof.

Dated: _12/21/07_, 2007        THOMAS E. FRANKOVICH
                               *A PROFESSIONAL LAW CORPORATION*

                               By: _____
                               THOMAS E. FRANKOVICH
                               Attorneys for Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: _12/21/07_, 2007        THOMAS E. FRANKOVICH
                               *A PROFESSIONAL LAW CORPORATION*

                               By: _____
                               THOMAS E. FRANKOVICH
                               Attorneys for Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

29

# EXHIBIT A

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

July 24, 2007

Manager
Christopher's Cafe
8 Commercial Blvd.
Novato, CA 94949

Dear Manager of Christopher's Cafe:

Recently, I visited Christopher's Cafe. Wow! What a great restaurant. But the owner of the building really fell short. How come there is no parking for the disabled and all those high thresholds? As I use a wheelchair, I had problems with the parking. The restroom doors I think need to be wider and the second door removed. You can get more room by using the closet space. Anyway, the restroom needs to be bigger.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Christopher's Cafe once it's accessible to me. I may still come back before you do the work just because I like the place and it's close to home. Oh, another thing, I couldn't get up onto the wood patio. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. http://www.usdoj.gov/crt/ada/adahom1.htm. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.        You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

July 24, 2007

Owner of Building
Christopher's Cafe
8 Commercial Blvd.
Novato, CA 94949

Dear Owner of Building for Christopher's Cafe:

Recently, I visited Christopher's Cafe. Wow! What a great restaurant. But the owner of the building really fell short. How come there is no parking for the disabled and all those high thresholds? As I use a wheelchair, I had problems with the parking. The restroom doors I think need to be wider and the second door removed. You can get more room by using the closet space. Anyway, the restroom needs to be bigger.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Christopher's Cafe once it's accessible to me. I may still come back before you do the work just because I like the place and it's close to home. Oh, another thing, I couldn't get up onto the wood patio. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. http://www.usdoj.gov/crt/ada/adahom1.htm. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.     You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates